**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Roberto FERNANDEZ–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 04–10518.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 4, 2005.

Susan B. Cowger, Chad Eugene Meacham, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Ira Raymond Kirkendoll, Federal Public Defender, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

PER CURIAM: *

The Supreme Court vacated the sentence in this case and remanded the case to this Court to reconsider in light of *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Subsequently, we requested letter briefs from the parties with respect to *Booker* issues. Having reviewed the parties' letter briefs, we affirm the judgment of the district court.

Appellant's *Booker* claim is foreclosed by the waiver of an appeal provision in his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea agreement. As conceded in Appellant's letter brief, this Court's precedents would not recognize an infirmity in the waiver even after *Booker*. *See United States v. Cortez*, 413 F.3d 502 (5th Cir. 2005).

Moreover, even if waiver of an appeal provision would not foreclose consideration under this Court's precedents, Appellant's *Blakely*/now-*Booker* claim was raised for the first time on direct appeal. If addressed, that claim would be reviewed for plain error, and Appellant has failed to show that the district court would have imposed a lesser sentence under an advisory guidelines system. Thus, the error, while clear and obvious, has not been shown to affect Appellant's substantive rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 2339, 159 L.Ed.2d 157 (2004). Accordingly, for the foregoing reasons, we AFFIRM the judgment of the district court.